---

## THE MARY R. McKILLOP.[1]

### (*District Court, E. D. New York.* October 3, 1884.)

TOWAGE—NEGLIGENCE—BREACH OF CONTRACT—DEVIATION.

A canal-boat sprang a leak while in tow of a tug, and thereafter sank. *Held* that, although the leak was probably caused by the boat's coming into contact with a floating piece of ice, still, as the proofs did not show a failure on the part of the tug to use due care and skill, the tug could not be held liable for the boat's sinking. It was not a breach of the towing contract for the tug to take another barge in tow, and land her at another place, during the same voyage, since it appeared from the circumstances that this was in accordance with the parties' understanding of the contract, and was, therefore, not a deviation. The libel against the tug for the sinking of the boat was therefore dismissed.

In Admiralty.

*Carpenter & Mosher*, for libelant.

*Hyland & Zabriskie*, for claimant.

BENEDICT, J. The master of the canal-boat Robert Henry agreed with the master of the tug Mary R. McKillop to be towed by the tug from Newtown creek to Hoboken. The towage was agreed to be seven dollars, because of ice in the rivers. The tug took the canalboat along-side, and afterwards took a barge astern, to be landed at the Cunard wharf in the North river, and also a lighter to be landed in the North river. After the lighter had been landed in the North river, and when proceeding in the East river, ice was met. The tug proceeded up in the clearest part of the river until she approached

---

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

the Cunard dock. Then she hauled in towards the New York piers, and on reaching the Cunard dock landed the barge. Thence she proceeded to Hoboken with the libelant's canal-boat.

Before the landing of the barge at the Cunard dock the libelant's canal-boat sprang a leak, from what her master supposed, and no doubt correctly, to have been contact with a piece of ice. The leak increased, and finally after the boat had been landed at Hoboken she sank.

Assuming that the cause of the boat's sinking was coming in contact with ice while the tug was hauling towards the New York docks in order to land the barge, it is still necessary, in order to charge the tug with the sinking of the boat, that it be proved that the canal-boat was brought in contact with the cake of ice by some negligence on the part of the tug. The proofs show no such negligence. There is no evidence of any failure on the part of the tug to exercise due care and skill throughout the voyage. If, then, any liability on the part of the tug exists, it must arise from a breach of the towing contract. The libelant contends that the towing contract was for a voyage from Newtown creek to Hoboken direct; that the tug deviated from this voyage to land the barge at the Cunard wharf; and that the sinking of the boat was owing to injuries received by her in the course of this deviation, for which the tug is consequently responsible. But I am unable to hold that to take the barge in tow and land her at the Cunard wharf was a breach of the towing contract made with the libelant. When the contract to tow the canal-boat to Hoboken was made, nothing was said about going direct, nor about taking other boats in tow at the same time, and although the barge, as well as a lighter, were taken on immediately after the canal-boat was alongside, no objection was made by the captain of the canal-boat to the taking of these boats. From these circumstances I infer that the taking of the barge in tow was in accordance with the parties' understanding of the contract made to tow the libelant's boat, and if so, it was not a deviation to land the barge at the Cunard dock.

The libel must therefore be dismissed, and with costs.